UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM J. MANN,                 :
                                 :   NO. 1:12-CV-00233
          Plaintiff,             :
                                 :
                                 :
     v.                          :   **OPINION AND ORDER**
                                 :
                                 :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
          Defendant.

 

 

     This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 11), Plaintiff's Objections (doc. 13), and Defendant's Response (doc. 14).  In her Report and Recommendation, the Magistrate Judge recommended the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Disability Insurance Benefits ("DIB") be affirmed and this matter be closed on the Court's docket.  For the reasons indicated herein, the Court disagrees, REJECTS the Magistrate Judge's Report and Recommendation, REVERSES the ALJ, and REMANDS this matter for an award of benefits.

**I.  Background**

     Plaintiff has alleged a disability onset of May 1, 2007, due to low back pain, post lumbar laminectomy at L2-3, degenerative disc disease, major depression and anxiety disorder, and is seeking disability insurance benefits ("DIB").  Plaintiff, now in his early

fifties, has a history of health difficulties, and was previously found to be entitled to a closed period of disability benefits from October 2002 through April 1, 2004 (doc. 11). In 2004, Plaintiff's condition improved such that he was able to resume his work as a masonry construction worker, which he performed at a heavy level until May 2006. (Id.).

In his consideration of Plaintiff's instant DIB application, the ALJ found binding the previous decision that Plaintiff could work as of 2004, absent new and material evidence or changed circumstances pertaining to Plaintiff's residual functional capacity ("RFC"). The ALJ found no evidence of any change in Plaintiff's physical condition since Plaintiff's disability ceased, but noted some changes in Plaintiff's mental status that resulted in a slightly more restrictive RFC. The ALJ concluded Plaintiff could perform light work, although not his past work, and that there are jobs that exist in significant numbers in the national economy that he could perform.

Plaintiff appealed the rejection of his application, contending 1) the ALJ erroneously relied on the 2006 decision to find that Plaintiff is not presently disabled, 2) the ALJ erroneously concluded Plaintiff has not been disabled since his original onset day of January 1, 2002 even though Plaintiff was found disabled for a closed period of disability from October 2002 through April 1, 2004, 3) the ALJ erroneously indicated Plaintiff

suffered from alcohol dependence in partial remission, 4) the ALJ erred in weighing the opinion of the consultative examining psychologist, and 5) the ALJ erred in assessing Plaintiff's credibility as it relates to his physical impairments.

The Magistrate Judge rejected each of Plaintiff's assignments of error, concluding that substantial evidence supported the ALJ's decision that the record does not disclose material evidence or changed circumstances pertaining to Plaintiff's RFC since April 1, 2003 (doc. 11). The Magistrate Judge therefore recommended the Court affirm the decision of the ALJ (Id.). Plaintiff objected to the Report and Recommendation, and Defendant responded, essentially contending Plaintiff says nothing new but "simply repeats the contentions from his principal brief."

## II.  The Magistrate Judge's Report and Recommendation

In her Report and Recommendation, the Magistrate Judge addressed the specific errors raised by the Plaintiff, and rejected them one-by-one (doc. 11). First, the Magistrate found the ALJ did not err by adopting findings from the prior ALJ decision (Id.). The Magistrate Judge found the Plaintiff failed to cite any "new and material" evidence showing his medical condition changed and became debilitating after April 1, 2004 (Id.). She found that Plaintiff merely made general allegations that the change in Plaintiff's employment status was in and of itself new evidence of

changed circumstances (Id.).    The Magistrate Judge further rejected Plaintiff's reliance on the opinion of his chiropractor, Dr. Stricker, because the Magistrate Judge found no citation to such an opinion on disability, and in any event a chiropractor is not an "acceptable medical source" under the regulations (Id. citing 20 C.F.R. § 404.1513(d)(1)).   The Magistrate Judge also found the ALJ did not err by failing to recontact Dr. Stricker for more information, or to adequately develop the record (Id.).

The Magistrate Judge found the record showed substantial evidentiary support for the ALJ's finding that Plaintiff's physical RFC remained unchanged after April 1, 2004 (Id.).  The Magistrate Judge cited Dr. Ray's November 9, 2009 opinion on behalf of the Ohio Bureau of Worker's Compensation that Plaintiff could perform a restricted range of light work, and state agency physician Dr. Demuth's April 2008 opinion that adopted the RFC formulated by the ALJ in his 2006 decision (Id.).  The Magistrate Judge further cited state agency physician Dr. McCloud's October 2008 review of the record which found no new medical evidence at such time to justify a change in the 2006 decision (Id.).   The Magistrate Judge found these opinions taken together supported the ALJ's decision that no new and material evidence showed a change in plaintiff's physical condition since April 1, 2004 (Id.).

The Magistrate Judge further found harmless the ALJ's error in misstating the alleged onset date as January 1, 2002, due

to the fact that Plaintiff's period of closed disability showed such onset date to be wrong (<u>Id</u>.).  The Magistrate Judge noted that elsewhere in his decision the ALJ cited and considered April 1, 2004, as the appropriate date, such that the 2002 date was clearly a mere misstatement (<u>Id</u>.).

The Magistrate Judge next found the ALJ did not err by finding Plaintiff suffers from alcohol dependence in partial remission (<u>Id</u>.).  Plaintiff contends there is no evidence in the record that substance abuse factored into his claim for benefits or that he was having problems with alcohol from May 1, 2007, the alleged onset date, though May 7, 2010, the date the ALJ issued his decision (<u>Id</u>.).  The Magistrate Judge found to the contrary that the 2007 report of the consultative examining psychologist Dr. Sparks noted Plaintiff's statements both that he normally drank six or seven beers in a week, and that in his last use of alcohol, he drank six beers (<u>Id</u>.).  The Magistrate Judge reasoned therefore there is evidence of alcohol dependence in partial remission subsequent to May 1, 2007 (<u>Id</u>.).

Next, the Magistrate Judge found the ALJ did not err in assessing the weight to afford the findings of Dr. Sparks, who assessed Plaintiff a Global Assessment of Functioning score of 45 (<u>Id</u>.).  Such a score indicates serious impairment in social and occupational functioning (<u>Id</u>.).  The ALJ gave such score very little weight, instead concluding the record showed only mild to

moderate limitations to Plaintiff's mental functioning, which were accounted for in Plaintiff's RFC (Id.). Ultimately, the Magistrate Judge, citing Kornecky v. Comm'r of Soc. Sec., 167 F.App'x 411, 415 (6th Cir. 2006), concluded the Court could not reverse the ALJ's decision based on a sub-50 GAF score where other evidence supported the ALJ's conclusion (Id.).

        Finally, the Magistrate Judge found no error in the ALJ's assessment of Plaintiff's credibility (Id.). The Magistrate Judge noted that credibility findings are entitled to deference and should not be discarded lightly (Id. citing Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001)). The Magistrate Judge rejected Plaintiff's argument that the ALJ failed to evaluate his credibility by ignoring the July 2005 MRI findings, the findings of the Bureau of Workers' Compensation physicians Drs. Wolf and Ray, and the assessment of chiropractor Dr. Stricker (Id.). The Magistrate Judge found the ALJ reasonably determined that Plaintiff did not demonstrate most of the objective signs associated with severe pain during his November 2007 examination, and that Plaintiff exaggerated his pain based on lack of positive findings on examination in November 2009 (Id.). In addition the Magistrate Judge found "[t]he ALJ noted that plaintiff has not required in-patient treatment, frequent emergency room treatment, or physical, or other therapy since 2004 for his back pain; he did not require the use of an ambulatory aid; and there was no evidence he suffered

side effects from medication" (Id.).

## III. Discussion

Having reviewed this matter de novo, the Court finds its analysis focused on the first assignment of error, as to whether there is a lack of any new and material evidence regarding Plaintiff's alleged disability since April 1, 2004. Because the Court concludes there is such evidence, it further finds the credibility assessment of Plaintiff in error. In the Court's view, Plaintiff has already qualified for a closed period of disability assistance, later returned to difficult work, and is now qualified again due to a debilitating and progressive back disease.

The Court need not rely on any opinion of the chiropractor, Dr. Stricker, nor is it convinced that Plaintiff's record of substance abuse is a factor in his application. The Court further rejects Defendant's contention that Plaintiff merely repeats his contentions from his principal brief. Plaintiff cites to Exhibits B17 through B23, which were filed and entered in the record after the state agency physician Dr. McCloud made his assessment on October 15, 2008, affirming "no new medical evidence" to alter the RFC. Records from Fall 2008 show Plaintiff continued to suffer from sprain and strain to the lumbar region of his back, and that Dr. Martinez continued to prescribe Percocet for back pain, which Dr. Martinez increased in dosage by November 2008. The record shows by summer 2009 Plaintiff's pain was getting worse, and

that he was using ice, heat, and a transcutaneous electrical nerve stimulation unit to seek relief. By October 2009 Plaintiff reported constant back pain, and an MRI that month showed multi-level central spinal stenosis, severe multi-level disc degeneration with disc space narrowing and multi-level facet arthropathy, post operative changes and clumping at nerve roots L3-4, representing arachnoiditis. In November 2009, Dr. Ray noted Plaintiff was scheduled for a series of epidural steroid injections. This evidence contradicts the Magistrate Judge's observation that the ALJ noted "plaintiff has not required. . .physical, or other therapy since 2004 for his back pain."

Moreover, the Court finds well-taken Plaintiff's citation to evaluations that showed a discrepancy in calf circumference noted by Drs. Wolf and Ray, that remained consistent from 2007 to 2009 and suggests muscle atrophy. In fact, the circumferences of both calves continued to shrink. Jones v. Secretary, 945 F.2d 1365, 1369-70 (6th Cir. 1991)(reliable objective evidence of pain includes medical evidence of muscle atrophy).

Finally, the Court notes that although it cannot reverse the ALJ based on Plaintiff's GAF score alone, such score cannot be ignored in the light of the other record evidence just cited that establishes physical disability. Dr. Sparks assigned such a score which means Plaintiff has a serious impairment in social and occupational functioning. Dr. Sparks' November 2007 evaluation

further chronicled Plaintiff's depression and obvious pain in ambulation due to chronic back pain.

The Court notes that although Dr. Ray's ultimate assessment in 2009 was that in his view, Plaintiff could lift ten pounds eight hours a day, it views that other observations in Dr. Ray's assessment, and the record as a whole, show evidence that Plaintiff's condition has deteriorated since 2004. As such, the Court cannot accept the conclusions in the record adopting the 2006 RFC.

In conclusion, the Court does not find the ALJ's reliance on the 2006 RFC supported by substantial evidence, and therefore declines to adopt the Magistrate Judge's Report and Recommendation. This is a close and difficult case. In such a case, "it is well to bear in mind" that, "[t]he Social Security Act is a remedial statute that must be 'liberally applied'; its intent is inclusion rather than exclusion." Cohen v. Secretary of Health and Human Servs.,964 F. 2d 524, 531 (6th Cir. 1992)(quoting Marcus v. Califano, 615 F.2d 23, 29 (2nd Cir. 1980)).

Under the circumstances of this case, the Court finds no real unresolved essential factual issue. The record establishes Plaintiff's disability and remand would only create delay.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C.

§ 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court REJECTS the Magistrate Judge's Report and Recommendation (doc. 11), REVERSES the ALJ, and REMANDS this matter for an award of benefits.


SO ORDERED.


Dated: June 6, 2013          s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge